UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM E. PUTMAN III, Individually, as
Personal Representative for the Estates of
WILLIAM E. PUTMAN II and BARBARA       Case No. 1:26-cv-11422
PUTMAN, Deceased, and as Next Friend of   Hon. Brandy R. McMillion
GABRIELLA PUTMAN, a Minor, BRANDON
PUTMAN, Individually and as Next Friend of
BELLA PUTMAN, MYA PUTMAN,
NOVA PUTMAN, and GIA PUTMAN, Minors,
BLAKE PUTMAN, M.D., Individually, as
Personal Representative for the Estate of MEGAN
PUTMAN, Deceased, and as Next Friend of
MERCY PUTMAN, NOAH PUTMAN, LILLIAN
PUTMAN, and ALENA PUTMAN, Minors,
JENNIFER PUTMAN, KACIE PUTMAN,
ISABELLE PUTMAN, ABBIGAIL PUTMAN,
ADDISION PUTMAN, and EMMA PUTMAN,

     Plaintiffs,

v.

PK TURBO, LLC and PAVEL SHCHUKIN,

     Defendants.

---

| THE MASTROMARCO FIRM | McDONALD BAAS & LIVINGSTON PLLC |
|---|---|
| VICTOR J. MASTROMARCO, JR. (P34564) | TIMOTHY M. KUBIK (P76635) |
| KEVIN J. KELLY (P74546) | JILLIAN M. PETERSON (P81436) |
| Attorneys for Plaintiff | JAMES T. FLYNN (P84708) |
| 1024 N. Michigan Avenue | Attorneys for Defendants |
| Saginaw, Michigan 48602 | 2600 W. Big Beaver Road, Suite 105 |
| (989) 752-1414 | Troy, Michigan 48084 |
| vmastromarco@mastromarcofirm.com | jillian.peterson@mblfirm.com |
| kkelly@mastromarcofirm.com | james.flynn@mblfirm.com |

---

1

## JOINT DISCOVERY PLAN

NOW COME the above-named parties, by and through their respective attorneys, and hereby submit their Joint Discovery Plan pursuant to the Court's Order Regarding Rule 26(f) Conference and Discovery Plan (**ECF No. 31, PageID.222-223**) and FED. R. CIV. P. 26(f), stating as follows:

1.      **Related Cases:**

This case is unrelated to any pending cases or previously adjudicated cases.

2.      **Jurisdiction:**

This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

3.      **Factual Summary:**

Plaintiffs: On September 26, 2025, William Putman II, Barbara Putman, and Megan Putman were killed and Blake Putman, M.D., Gia Putman, Noah Putman, Lillian Putman, and Alena Putman were serious injured when Defendant Shchukin, operating a large box truck owned by Defendant PK Turbo, LLC failed to stop at a stop sign and t-boned the motor vehicle in which the plaintiffs rode.  Moments later, the rest of the Putman family arrived on scene, personally observing and assisting their loved ones.  As such, Plaintiffs have filed causes of action alleging, negligence, vicarious liability, owner's liability, negligent entrustment, and negligent infliction of emotional distress.

Defendants: Defendant Pavel Shchukin was operating a box truck owned by Defendant PK Turbo on the date of the alleged accident. Defendant Shchukin and PK Turbo do not dispute liability for the accident and do not dispute the fact that physical injuries and fatalities were sustained. However, Defendant does dispute the nature and extent of any ongoing claims of physical injury, and disputes the claims of negligent infliction of emotional distress ("NIED") generally, and in particular the NIED claims made by the Plaintiffs who were not physically involved in the accident, those being William Putman III, Gabriella Putman, Brandon Puytman, Bella Putman, Mya Putman, Nova Putman, Mercy Putman, Jennifer Putman, Kacie Putman, Isabelle Putman, Abbigail Putman, Addison Putman, and Emma Putman.

**4. Legal Issues:**

Whether the Plaintiffs not directly involved in the alleged accident sustained any injury, including but not limited to negligent infliction of emotional distress.

**5. Amendment of Pleadings:**

Plaintiffs plan to file an amended complaint to add the involved freight broker once properly identified.

**6. Discovery:**

(A) The parties intend to engage in discovery through various methods, including exchanging interrogatories, requests for production of documents, and requests for admission along with taking multiple depositions. Plaintiffs intend to retain experts in the areas of accident reconstruction and freight transportation operations. Defendant has also retained an accident reconstruction expert and plans to retain medical

3

experts, including but not limited to a neuropsychologist. The parties anticipate needing no less than nine (9) months to complete discovery.

**(B)** The parties have agreed to exchange initial disclosures required by FED. R. CIV. P. 26(a)(1) by **August 5, 2026**.

**(C)** The parties have not agreed on any specific changes that should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure and this Honorable Court's Local Rules; however, the parties do note that considering the number of parties involved, there may be a need to increase the number of depositions the parties are allowed to take.

**(D)** The parties have not agreed on the entry of a protective order or confidentiality order.

**(E)** Discovery Plan:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | August 5, 2026 |
| Deadline to Amend Pleadings | September 30, 2026 |
| Fact Discovery Cutoff | April 28, 2027 |
| Rule 26(a)(2) Proponent Expert Witness List/Disclosures/Report | November 25, 2026 |
| Rule 26(a)(2) Rebuttal Expert Witness List/Disclosures/Report | December 2, 2026 |
| Expert Discovery Cutoff | April 28, 2027 |
| Deadline to Request Case Evaluation/Facilitation | April 28, 2027 |
| Dispositive Motions and Challenges to Experts | May 26, 2027 |
| Rule 26(a)(3) Pretrial Disclosures | August 5, 2026 |
| Motions *in Limine* | |
| Joint Final Pretrial Order | |
| Final Pretrial Conference | |
| Trial Date | |
| Estimated Length of Trial | At least 6 weeks |
| _x_ Jury Trial | ___ Bench Trial |

**7.     Electronic Discovery:**

The parties have discussed the production of electronically stored information and suggest that ESI be produced in a format that is compatible with common software such as Microsoft Word, Excel, and Adobe.  Alternatively, electronic data may be produced in a hard copy format such that the paper copy does not result in loss of data.  If discovery of ESI becomes more complex than currently anticipated, the parties shall craft a method for obtaining ESI in a manner that promotes transparency and efficiency while reducing the expense for any party.  The parties also reserve the right to request production of ESI in its original or native format subject to the parties' rights and obligations under the Federal Rules of Civil Procedure.

**8.     Settlement:**

The parties have discussed mediation to occur after the close of discovery.

**9.     Consent:**

The parties do not consent to the jurisdiction of a United State Magistrate Judge to conduct all proceedings in this civil action (including a jury or non-jury trial) and to order the entry of a final judgment.

**10.    Trial:**

This will be a jury trial.  The parties estimate the length of trial to be at least no less than 6 weeks.

**11.   Miscellaneous:**

**(A)**   Will the issues of the litigation be narrowed?

Defendants Shchukin and PK Turbo do not dispute liability for the accident; do not dispute that the accident resulted in the death of William Putman II, Barbara Putman, and Megan Putman; and do not dispute the initial physical injuries claimed by Gia Putman, Blake Putman, Noah Putman, Lillian Putman, and Alena Putman.

**(B)**   Are amendments to any pleadings necessary?

Plaintiffs plan on filing an amended complaint to add the involved freight broker once properly identified.

**(C)**   Will either party be seeking to join additional parties?

Plaintiffs plan on adding at least one additional party, the involved freight broker, once properly identified.

**(D)**   Will the parties agree to case evaluation, and stipulate to be bound by Michigan Court Rule 2.403, including sanctions?

The parties do not agree to case evaluation set forth in MCR 2.403.

**(E)**   Would a settlement conference or another form of alternative dispute resolution be beneficial at this time or in the near future?

The parties anticipate considering private facilitation mediation after the parties have been able to engage in significant discovery.

Respectfully submitted,


*/s/Kevin J. Kelly (P74546)*

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiffs


*-and-*

*/s/James T. Flynn (P84708)*

TIMOTHY M. KUBIK (P76635)
JILLIAN M. PETERSON (P81436)
JAMES T. FLYNN (P84708)
Attorneys for Defendants